McMILLAN, Judge.
The appellant, Bobbie Jean Carter, appeals from the trial court’s denial of his Rule 32, Ala.R.Crim.P., petitions.
On July 8, 1998, the appellant filed two Rule 32 petitions, challenging convictions in 1981 on two separate charges of robbery in the first degree, violations of § 13A-8-41, Ala.Code 1975. He was sentenced to life imprisonment on each conviction. The appellant did not appeal. On August 4, 1997, the appellant filed a Rule 32 petition in each case arguing that those petitions were not procedurally barred because, he says, the allegations contained in those petitions related to jurisdiction. The trial court summarily dismissed the petitions because it said the claims raised nonjuris-dictional issues and were, therefore, precluded by the applicable two-year limitations period, see Rule 32.2(c), Ala. R.Crim.P. This Court affirmed the trial court’s judgment in an unpublished memorandum. The appellant then filed the instant petitions attacking the same 1981 convictions. On July 27, 1998, the appellant filed an amended petition, arguing that the trial court was without jurisdiction in 1981 to adjudicate his cases because, he said, it had failed to swear in the grand jury before qualifying prospective jurors for grand jury service. On July 30, 1998, the trial court summarily dismissed the appellant’s petitions on grounds that they were procedurally precluded from review. The appellant then filed a motion for a summary judgment or, alternatively, for an evidentiary hearing. The trial court denied that motion. On September 28, 1998, the appellant filed a motion to supplement the record. On October 5, 1998, the trial court ordered the circuit clerk to “comply with Petitioner’s request for copies of R[ule] 32 pleadings-as mandated by [the] C[our]t of Criminal] Appeals.” The circuit clerk failed to do so, however. The appellant filed this appeal, alleging: (1) that the trial court never acquired jurisdiction to accept his guilty plea because it failed to properly swear in the grand jury; and (2) that the trial court’s failure to have the clerk supplement the record denied his right to an effective appeal.
Because the trial court granted the appellant’s motion to supplement the record and because the appellant took the appropriate steps to ensure that the record was complete on appeal, the State requests that this Court order that the record be supplemented with copies of the appel *257 lant’s July 8, 1998, petitions. Additionally, the State requests that the appellant be granted 14 days in which to supplement his appellate brief, and that the State then be granted 14 days from the filing of the appellant’s supplemental brief to file a response. See Rule 10(g)(1), Ala.R.App.P. (“[w]here relief is sought from the action of the trial court, the appellate court, on motion of a party, may suspend the running of the time for filing briefs until a time certain to be determined by the appellate court if the court concludes that such action is necessary and justified because of an incomplete or incorrect record on appeal”).
In light of the clerk’s omission, we pre-termit discussion of the issues raised by the appellant until due return is made to this Court. Due return shall be made within 35 days of the date of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.

On Return to Remand

McMillan, judge.
On March 26, 1999, we remanded this case to the trial court to allow it an opportunity to supplement the record with copies of the appellant’s July 8, 1998, Rule 32, Ala.R.Crim.P., petitions for postconviction relief.
In compliance with that instruction, the trial court instructed the circuit clerk to supplement the record with the copies of the petitions. The circuit clerk, however, supplemented the record with only one of the appellant’s petitions filed on July 8, 1998. Thus, we must again remand this cause to the circuit court to allow it an opportunity to supplement the record with the appellant’s second petition filed on that same day.
Again, in light of the clerk’s omission, we pretermit discussion of the issues raised by the appellant until due return is made to this -Court. Due return shall be made within 35 days of the date of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.

 Note from the reporter of decisions: On March 24, 2000, on return to 2d remand, the Court of Criminal Appeals affirmed, without opinion. On April 21, 2000, that court denied rehearing, without opinion. On July 14, 2000, the Supreme Court denied certiorari review, without opinion (1991520).